ADOLPH L. SINGER and another vs. A. H. BROCKAMP.

July 1, 1885.

Sale—Evidence—Order-List.—Where a witness, who personally sold a bill of goods selected by a buyer, and caused a memorandum of the same to be entered on a list or order blank, is able to verify the list as correct, such memorandum or order may be received in evidence as a statement or account in detail of the goods testified to by the witness as having been sold by him.

Same—Sale by Sample—Acceptance and Part-Payment.—Where goods sold by sample were received by the buyer and retained, and a portion thereof sold by him, without any objection in respect to their character or quality for several months, and until after suit brought, and he had in the mean time paid a portion of the price, and tendered his notes for the balance, held to be evidence sufficient to support a finding by the jury that the goods were of the description ordered.

Appeal by defendant from a judgment of the district court for Otter Tail county, *Collins*, J., presiding.

*H. E. Rawson*, for appellant.

*Clapp, Woodward & Cowie*, for respondents.

VANDERBURGH, J. The complaint is for goods alleged to have been sold and delivered to defendant at the agreed price and of the value of $784.50. The defendant admits the sale and delivery of goods of that amount and value, but alleges that they consisted of a stock of men and boys' clothing of different sizes; that they were not seasonably delivered, as agreed; and that a part of the youths' clothing delivered were not of the sizes selected and ordered by him; and accordingly sets up a counterclaim for damages against plaintiffs by reason of the alleged breach of their contract in these particulars.

On the trial a deposition of one of the plaintiffs was read in evidence, from which it appeared that he made the sale; that samples of the goods were selected by defendant's agent from sample lots of clothing designated by numbers, from which defendant's order was filled. The witness also testified that the goods so selected were as enumerated in the list produced by him, which purported to be an order blank, filled up with the numbers, quantity, and price. This list was received in evidence, against the objection of the defendant. The witness also testified that the prices set opposite the lot numbers on the list in question were the prices fixed and assented to by defendant. It thus appeared, independently of the memorandum, that the witness made the sale of the goods described at prices agreed on, and as designated in the order, and that he was personally cognizant of the facts. The correctness of the list was therefore verified by competent evidence, and the paper, which was substantially an original memorandum, merely contained a statement in detail of what the witness had testified to as to the goods sold. It was therefore competent. *McCormick* v. *Pa. C. R. Co.*, 49 N. Y. 303, 316. Such method of proof in the case of original *memoranda*, the particulars of which it would be difficult to recollect with accuracy, when properly verified by one who was personally cognizant of the facts and the correctness of the entries, is very common, and is resorted to from the necessity of the case for a detailed statement of items.

It further appeared in evidence that the order embracing the goods designated in the list referred to was filled, and the goods shipped to defendant as agreed, and that an invoice, being essentially a copy of the order, was also forwarded to him, and that the goods were received and retained by him, and a large portion thereof sold without any objection as to the sizes or otherwise, until after this suit was brought, though he had in the mean time been in correspondence with plaintiffs in reference to the account, had paid part of it, and had sought an extension and tendered his notes for the balance. This would of itself be sufficient evidence to support the finding that the order was properly filled, and also of an acceptance of the goods as being in conformity with the description of those ordered.

Judgment affirmed.